IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ABBOTT,<br><br>        Plaintiff,<br><br>  v.<br><br>DOCTOR E. TOOTELL, et al.,<br><br>        Defendants. | No. C 11-0183 LHK (PR)<br><br>ORDER DENYING MOTION TO DISMISS; GRANTING LEAVE TO AMEND; ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

     Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at San Quentin State Prison. Defendants have filed a motion to dismiss in part for failing to exhaust, and also for failure to state a claim. Plaintiff has filed an opposition, a motion for leave to file an amended complaint, and a proposed amended complaint. Defendants have filed a reply. Plaintiff has also filed a proposed amended complaint. For the reasons stated below, Plaintiff's motion for leave to file an amended complaint is GRANTED, and Defendants' motion to dismiss is DENIED without prejudice.

**DISCUSSION**

A.   <u>Amendment</u>

     A plaintiff may amend the complaint "once as a matter of course within [] 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). But, if the complaint requires a responsive pleading, a

plaintiff may amend the complaint "21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a plaintiff must obtain the defendant's consent or leave of Court to amend a complaint. Fed. R. Civ. P. 15(a)(2). Here, it does not appear that Plaintiff has obtained Defendants' consent. However, Defendants do not object to Plaintiff's motion to amend his complaint, nor does it appear that Defendants would be prejudiced by allowing Plaintiff to amend his complaint. Thus, the Court GRANTS Plaintiff leave to amend his complaint. *See id.* ("The court should freely give leave [to amend] when justice so requires."). The amended complaint (docket no. 35) is the operative complaint.

As such, the Court DENIES Defendants' pending motion to dismiss without prejudice. Defendants may file a new motion to dismiss that encompasses the cognizable claims and supporting facts in Plaintiff's amended complaint.

B.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.     Dismissed Defendant

Plaintiff alleges that Dr. Matan was deliberately indifferent to his medical needs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription

against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See id.* at 835-36 & n.4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

Unfortunately for Plaintiff, his allegations of improper medical care in connection with Dr. Matan amount to no more than a possible claim for medical malpractice not cognizable under Section 1983. *See Toguchi v. Chung*, 391 F.3d 1051, 1058, 1060-61 (9th Cir. 2004) (medical malpractice insufficient to make out violation of 8th Amendment); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (same). There is no indication whatsoever that Dr. Matan knew that plaintiff faced a substantial risk of serious harm, or that Dr. Matan disregarded that risk by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. at 837. Thus, Dr. Matan is DISMISSED from this action with prejudice.

C.   Plaintiff's Claims

Liberally construed, Plaintiff's remaining assertions in his amended complaint that Defendants were deliberately indifferent to his serious medical needs, and that Defendant Orozco used excessive force against him on several occasions, are sufficient to state cognizable federal civil rights claims.

Order Denying Motion to Dismiss; Granting Leave to Amend; Order of Partial Dismissal; Order of Service;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.11\Abbott183mtdsrv2.wpd   3

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's motion for leave to amend his complaint is GRANTED. The Clerk is instructed to file Plaintiff's proposed amended complaint as the First Amended Complaint in this matter. Defendants' motion to dismiss is DENIED without prejudice.

2. Dr. Matan is DISMISSED.

3. The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 35), all attachments thereto, and copies of this order on **Sgt. Guithrie, Sgt. Thompson, C/O Orozco, C/O McGhee, C/O Vanmastrigt, C/O Zeiler, C/O Asocion, Warden Wong, Warden Cullen,** and **Associate Warden Dacanay** at **San Quentin State Prison**. The Clerk shall also serve a copy of this Order on Plaintiff and Deputy Attorney General Jose Alfonso Zelidon-Zepeda.

4. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

Order Denying Motion to Dismiss; Granting Leave to Amend; Order of Partial Dismissal; Order of Service;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.11\Abbott183mtdsrv2.wpd     4

      a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Order Denying Motion to Dismiss; Granting Leave to Amend; Order of Partial Dismissal; Order of Service;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.11\Abbott183mtdsrv2.wpd    5

1 consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff
2 without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*
3 *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4       6.    Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's
5 opposition is filed.

6       7.    The motion shall be deemed submitted as of the date the reply brief is due. No
7 hearing will be held on the motion unless the court so orders at a later date.

8       8.    All communications by the Plaintiff with the court must be served on Defendants'
9 counsel, by mailing a true copy of the document to Defendants' counsel.

10       9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
11 No further Court order is required before the parties may conduct discovery.

12       10.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
13 and all parties informed of any change of address and must comply with the Court's orders in a
14 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
15 pursuant to Federal Rule of Civil Procedure 41(b).

16     IT IS SO ORDERED.

17 DATED: 1/23/12

                                LUCY H. KOH
18                                 United States District Judge

Order Denying Motion to Dismiss; Granting Leave to Amend; Order of Partial Dismissal; Order of Service;
Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.11\Abbott183mtdsrv2.wpd     6