IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ABBOTT, | No. C 11-0183 LHK (PR) |
| Plaintiff, | ORDER DENYING MOTIONS TO DISMISS; FURTHER BRIEFING |
| v. | |
| DOCTOR E. TOOTELL, et al., | (Docket Nos. 42, 53) |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at San Quentin State Prison. Defendants have filed a motion to dismiss for failure to state a claim, and also for failing to exhaust in part. Plaintiff has filed an opposition,[1] and Defendants have filed a reply. For the reasons stated below, Defendants' motion to dismiss for failure to state a claim and motion to dismiss for failure to exhaust are DENIED.

**BACKGROUND**

In his amended complaint, Plaintiff states that he suffers from a variety of medical issues. He states that Defendants are failing to treat him or provide him adequate medical care, despite being aware that Plaintiff requires such care. Plaintiff alleges that Defendants have demonstrated deliberate indifference to his serious medical needs.

---

[1] Plaintiff's motion to strike Defendants' Exhibit 2 is GRANTED.

Order Denying Motions to Dismiss; Further Briefing
G:\PRO-SE\SJ.LHK\CR.11\Abbott183mtd2.wpd

I. Motion to Dismiss for Failure to State a Claim

Defendants move to dismiss the amended complaint for failure to state a claim. Specifically, Defendants argue that, at most, Plaintiff has merely alleged a difference of opinion as to the proper medical treatment, or a claim of negligence. Neither a difference of opinion nor negligence are sufficient to state a claim of deliberate indifference.

Title 28 U.S.C. § 1915(e)(2) requires a Court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The determination of whether the litigant has stated a claim is decided under the same standard used in Rule 12(b)(6) motions to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

As an initial matter, Defendants' motion seeks to have the Court revisit a decision already made, as the Court had decided that the amended complaint did state a claim upon which relief may be granted. On January 24, 2012, the Court performed an initial screening of the complaint, which required the Court to dismiss, among other things, any claims that fail to state a claim upon which relief may be granted. The Court determined that, liberally construed, the allegations of the amended complaint adequately pleaded a cognizable Eighth Amendment claim.

To seek reconsideration of an interlocutory order, such as the previous order's determination that the complaint stated a claim upon which relief may be granted, Defendants had to comply with Local Rule 7-9(a). They did not. They did not obtain leave of Court to file a motion for reconsideration, and made no argument in her brief that would suggest that they could pass the test for such permission. That is, they did not show: (1) that at the time of the motion for leave, a material difference in fact or law existed from that which was presented to the Court before entry of the order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the order; (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts which were

presented to the Court before such interlocutory order. *See* N.D. Cal. Civil L.R. 7-9(b). Even without the special requirements for motions to reconsider, Defendants have the problem that a pleading challenge following a Section 1915A screening of a prisoner complaint rarely will be successful, especially in light of the requirement that pro se complaints be liberally construed. *See Hebbe*, 627 F.3d at 342 (even after Supreme Court cases heightened the standards for pleading, the Court's obligation "remains, 'where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'"). Accordingly, the motion is DENIED.

Alternatively, the Court also finds none of Defendants' arguments are persuasive on the merits. A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the

Order Denying Motions to Dismiss; Further Briefing
G:\PRO-SE\SJ.LHK\CR.11\Abbott183mtd2.wpd        3

1  prisoner's medical need and the nature of the defendant's response to that need. *McGuckin*, 974
2  F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could
3  result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing
4  *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner
5  faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps
6  to abate it. *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).

7        Taking Plaintiff's allegations as true as the Court is required to do, in the amended
8  complaint, Plaintiff claims that, in 2006, he injured his achilles tendon and was seen by
9  orthopedic specialist, Dr. Matan. (Am. Compl. at 8.) Plaintiff did not have surgery, and his foot
10 began healing improperly. (*Id.*) In 2008 and 2009, Dr. Matan performed knee surgery and
11 shoulder surgery on Plaintiff. (*Id.* at 9.) Because of the pain Plaintiff experienced from
12 receiving multiple surgeries, Plaintiff was placed into the chronic care program. (*Id.* at 10.)
13 Defendant Dr. Tootell discontinued Plaintiff's "ice chrono" and issued a policy that ice would no
14 longer be given for chronic pain, even though it had been part of Plaintiff's recommended
15 treatment for pain care management. (*Id.* at 9-10.) Dr. Matan also issued a permanent chrono
16 for "no handcuffs" to be placed behind Plaintiff's back (*id.* at 10) and "no leg irons/shackles" on
17 Plaintiff's right foot (*id.* at 11). Despite knowing about these chronos, Defendant Dr. Grant
18 rescinded all of them without any examination of Plaintiff. (*Id.* at 11.) Thereafter, Dr. Matan
19 again issued medical chronos for "waist restraints / no hands behind back," "no kneeling on
20 Plaintiff's knees," and an ankle wrap for Plaintiff's right achilles. (*Id.*) Despite these chronos,
21 Defendant Sergeant Seman told Plaintiff, "For every doctor you get to write you this s__, I have
22 a doctor who can take it away." (*Id.* at 12.) Defendants Lieutenant Arnold and Sergeant Seman
23 persuaded Defendant Dr. Grant to rescind all of Dr. Matan's medical chronos. (*Id.* at 13.) In
24 2010, Defendant Dr. Jones began treating Plaintiff. (*Id.* at 20.) Without examining Plaintiff, Dr.
25 Jones stated that she could not authorize a medical chrono for waist restraints like Dr. Matan did,
26 but she permitted modified handcuffs. (*Id.* at 20-21.) Plaintiff's physical therapist
27 recommended that Plaintiff receive a medical boot and walking cane, both of which were
28 subsequently denied by Dr. Jones. (*Id.* at 21.) Finally, Dr. Jones examined Plaintiff, and issued

1 waist chain handcuffs. (*Id.* at 22.) Liberally construing Plaintiff's amended complaint, an inference can be made that Defendants were aware of Plaintiff's serious medical needs yet purposely failed to act.

The Court also rejects Defendants' argument that they are entitled to qualified immunity. The qualified immunity inquiry is separate from the constitutional inquiry for a claim of deliberate indifference under the Eighth Amendment. *Estate of Ford v. Caden*, 301 F.3d 1043, 1053 (9th Cir. 2002). A determination that there is a triable issue of fact as to whether defendants were deliberately indifferent does not necessarily preclude a finding of qualified immunity. *Id.* For a qualified immunity analysis, the Court need not determine whether the facts alleged show that Defendants acted with deliberate indifference. *See Osolinski v. Kane*, 92 F.3d 934, 936 (9th Cir. 1996). Rather, the Court need only review the relevant law to determine whether, in light of clearly established principles at the time of the incident, the officials could have reasonably believed their conduct was lawful. *See id.* at 939 (granting qualified immunity on Eighth Amendment safety claim because reasonable prison official could have reasonably believed that defendants' conduct, as alleged, did not violate Eighth Amendment). Here, viewing the evidence in the light most favorable to Plaintiff, the Court concludes that a reasonable officer in Defendants' positions could not have concluded that their actions were lawful.

Defendant's motion to dismiss for failure to state a claim is DENIED.

II. <u>Motion to Dismiss for Failure to Exhaust</u>

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, Defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the

1 prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without
2 prejudice. *Id.* at 1120.

3 Failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S.
4 199, 211 (2007). Defendants have the burden of raising and proving the absence of exhaustion,
5 and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.
6 *Id.* at 215-17. As there can be no absence of exhaustion unless some relief remains available, a
7 movant claiming lack of exhaustion must demonstrate that pertinent relief remained available,
8 whether at unexhausted levels or through awaiting the results of the relief already granted as a
9 result of that process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

10 The California Department of Corrections and Rehabilitation ("CDCR") provides its
11 inmates and parolees the right to appeal administratively "any departmental decision, action,
12 condition, or policy which they can demonstrate as having an adverse effect upon their welfare."
13 Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative
14 appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). In
15 order to exhaust available administrative remedies within this system, a prisoner must submit his
16 complaint on CDCR Form 602 ("602") and proceed through several levels of appeal:
17 (1) informal level grievance filed directly with any correctional staff member, (2) first formal
18 level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal
19 filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR
20 director or designee ("Director's level"). Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*,
21 584 F.3d 1262, 1264-65 (9th Cir. 2009). This satisfies the administrative remedies exhaustion
22 requirement under Section 1997e(a).

23 Defendants argue that Plaintiff failed to exhaust his claim against Defendants Seman and
24 Arnold. Specifically, Defendants state that Plaintiff's grievance, SQ-09-00762, failed to allege
25 that Seman or Arnold somehow interfered with Plaintiff's medical treatment or rescinded
26 Plaintiff's medical chronos. A review of SQ-09-00762 demonstrates that Plaintiff complained
27 that Dr. Matan's chronos were not being adhered to by Dr. Grant, and that Dr. Grant disapproved
28 the chronos "based on custody staff objections." (Docket No. 54, Ex. 2 at 8, 10.) In Plaintiff's

amended complaint, he alleges that Defendants Seman and Arnold persuaded Defendant doctors to rescind Dr. Matan's chronos and recommended treatments.

Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). In California, the regulation requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to describe the problem and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs. tit. 15 § 3084.2(a)). In *Jones*, the Supreme Court held that because the Michigan Department of Corrections' procedures made no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion was unwarranted. *Jones*, 549 U.S. at 217. The Court stated that the "name all defendants" requirement under the Sixth Circuit rule may promote early notice to those who might later be sued, but that has not been thought to be one of the leading purposes of the exhaustion requirement. *Id.* at 219 ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation."). The Court concluded that exhaustion is not *per se* inadequate simply because an individual later sued was not specifically named in the grievances. *Id.* (citation omitted).

That Plaintiff failed to name Defendants Seman and Arnold in his grievance does not equate a failure to properly exhaust. Plaintiff claimed that Dr. Grant overruled Dr. Matan's chronos based on "prison guards' objections" (Docket No. 54, Ex. 2 at 10), and the Director's Level of Review acknowledged this portion of Plaintiff's claim (*id.* at 8). The Court concludes that Plaintiff properly complied with the prison grievance procedure, and that the grievance, liberally construed, had the same subject and same request for relief as that in Plaintiff's amended complaint.

Accordingly, Defendants' motion to dismiss for failure to exhaust is DENIED.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Defendants' motions to dismiss are DENIED.

2. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment with respect to the cognizable claims in the amended complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a

1 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
2 pursuant to Federal Rule of Civil Procedure 41(b).
3     This order terminates docket numbers 42 and 53.
4     IT IS SO ORDERED.

DATED: 11/12/12

_____
LUCY H. KOH
United States District Judge