IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE ABBOTT, | ) | No. C 11-0183 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE ON DEFENDANT WARDEN |
| v. | ) ) | CULLEN; ORDER DIRECTING PLAINTIFF TO PROVIDE |
| DOCTOR E. TOOTELL, et al., | ) ) | MORE INFORMATION FOR UNSERVED DEFENDANTS |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 56.) Summonses were issued to ten Defendants on November 28, 2012. (*See* Doc. Nos. 58-67.) Summonses were returned unexecuted for five of the ten Defendants. (*See* Doc. Nos. 75-79.) **Defendants Warden Wong, Warden Cullen, Correctional Officer ("C/O") McGee, C/O Asocion** and **Associate Warden Dacaney** have not been served. The Prison Litigation Coordinator ("PLC") at San Quentin State Prison ("SQSP") indicated that **Defendants Warden Wong** and **Associate Warden Dacaney** have retired and have left no forwarding address, and that more information is needed to identify **Defendants C/O McGee** and **C/O Asocion**. The PLC informed the Court that **Defendant Warden Cullen** is currently employed at the California Medical Facility ("CMF").

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such

Order of Service on Def. Warden Cullen; Order Directing Plaintiff to Provide More Info. for Unserved Defendants
G:\PRO-SE\SJ.LHK\CR.11\Abbott183moreinfo.wpd

service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Because Plaintiff has not provided sufficient information to effectuate service of **Defendants Warden Wong, C/O McGee, C/O Asocion** and **Associate Warden Dacaney**, Plaintiff must remedy the situation or face dismissal of his claims against these Defendants without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

**CONCLUSION**

1. Plaintiff is directed to provide the court with additional location and identification information for **Defendants Warden Wong, C/O McGee, C/O Asocion** and **Associate Warden Dacaney**, sufficient to effectuate service, **within twenty-eight (28) days** from the filing date of this order.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint (docket no. 56), all attachments thereto, the Court's Order dated January 24, 2012 (Doc. No. 41.), and this order to **Defendant Warden Cullen,** former Warden of San Quentin State Prison, at **California Medical Facility, P.O. Box 2000, Vacaville, CA 95696-2000**. The Clerk shall also mail a copy of this Order to Plaintiff and Deputy Attorney General Jose Alfonso Zelidon-Zepeda.

3. **Defendant Warden Cullen** is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the

1    waiver form.  If service is waived, this action will proceed as if Defendant had been served on
2    the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be
3    required to serve and file an answer before **sixty (60) days** from the date on which the request
4    for waiver was sent.  (This allows a longer time to respond than would be required if formal
5    service of summons is necessary.)  Defendant is asked to read the statement set forth at the
6    bottom of the waiver form that more completely describes the duties of the parties with regard to
7    waiver of service of the summons.  If service is waived after the date provided in the Notice but
8    before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the
9    date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form
10   is filed, whichever is later.

11       4.      No later than **ninety (90) days** from the date of this order, Defendants shall file a
12   motion for summary judgment or other dispositive motion with respect to the cognizable claims
13   in the complaint.

14       a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
15   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
16   defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
17   F.3d 1108, 1119-20 (9th Cir. 2003).

18       b.      Any motion for summary judgment shall be supported by adequate factual
19   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
20   Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**
21   **immunity found, if material facts are in dispute.  If Defendant is of the opinion that this**
22   **case cannot be resolved by summary judgment, he shall so inform the Court prior to the**
23   **date the summary judgment motion is due.**

24       5.      All other deadlines shall remain in effect in accordance with the Court's order
25   filed January 24, 2012.  (Doc. No. 41.)

26       IT IS SO ORDERED.
27   DATED: __3/11/13__

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Service on Def. Warden Cullen; Order Directing Plaintiff to Provide More Info. for Unserved Defendants
G:\PRO-SE\SJ.LHK\CR.11\Abbott183moreinfo.wpd    3