IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ABBOTT,<br><br>    Plaintiff,<br><br>  v.<br><br>DOCTOR E. TOOTELL, et al.,<br><br>    Defendants. | No. C 11-0183 LHK (PR)<br><br>ORDER REGARDING<br>UNSERVED DEFENDANTS |

      Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Summonses were issued to Defendants on November 28, 2012. (Doc. Nos. 58-67.) The Prison Litigation Coordinator ("PLC") at San Quentin State Prison ("SQSP") returned unexecuted summonses for Defendants Warden Wong and Associate Warden Dacaney indicating that they have retired. (Doc. Nos. 75, 79.) The PLC also returned unexecuted summonses for Correctional Officer ("C/O") McGee and C/O Asocion indicating that more information is needed to identify the Defendants. (Doc. Nos. 77, 78.) The Court issued an order directing Plaintiff to provide the Court with additional location and identification information for these unserved Defendants sufficient to effectuate service. (Doc. No. 81.) In response to the Order, Plaintiff provided the Court with additional information regarding the unserved Defendants. (Doc. No. 92.)

Order Regarding Unserved Defendants
G:\PRO-SE\SJ.LHK\CR.11\Abbott183moreinfo2.wpd

1  Plaintiff states that Defendant C/O McGee's name may be misspelled on the summons.
2 He indicates that the name is spelled McGhee on the complaint. Plaintiff further provides a
3 physical description of Defendant C/O McGhee[1], and indicates that on March 18, 2013, he saw
4 Defendant C/O McGhee working as an escort officer in the in the East Block Housing Unit at
5 SQSP. (Doc. No. 92, p. 3.) Plaintiff also provides evidence of the correct spelling of Defendant
6 C/O Asocion's name. The correct spelling of this Defendant's name is V. Asuncion. (Doc. No.
7 92, Ex. 4, p. 15.). Plaintiff further provides a physical description of the Defendant V.
8 Asuncion[2], and indicates that he worked as a Security and Escort Officer in at SQSP on
9 November 13, 2009. (*Id.*) Based upon the additional information provided by Plaintiff for
10 **Defendant C/O McGhee** and **Defendant C/O V. Asuncion**, the Court will issue an order of
11 service upon them.

12  Plaintiff has not provided any additional information for Defendants Warden Wong and
13 Associate Warden Dacaney. Plaintiff believes that these Defendants are receiving
14 retirement/benefit checks from the California Department of Corrections and Rehabilitation and
15 therefore CDCR has access to these Defendants' addresses. (Doc. No. 92, p. 2.) In the interest
16 of expediting proceedings, the Clerk of the Court shall send a copy of this order to the PLC at
17 SQSP, who is requested to provide to the Court, under seal, any forwarding address information
18 and last known address that is available with respect to Warden Wong and Associate Warden
19 Dacaney within thirty days from the filing date of this order. Upon receipt of such information,
20 the Court will order the Marshal to serve these Defendants at the provided addresses. If no
21 further information is available from the Litigation Coordinator, Defendants Warden Wong and
22 Associate Warden Dacaney will be dismissed without prejudice pursuant to Rule 4(m) of the
23 Federal Rules of Civil Procedure.
24 //
25

---

26  [1] A physical description of Defendant C/O McGhee is a white male, approximately
27 5'10", 165-175 lbs., medium build, clean shaven with no distinguishing facial marks.

28  [2] A physical description of Defendant C/O V. Asuncion is a Filipino man with a brown complexion, approximately 6'2", 215-235 lbs., with a muscular build.

**CONCLUSION**

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint (docket no. 56), all attachments thereto, the Court's Order dated January 24, 2012 (Doc. No. 41.), and this order to **"C/O" McGhee** and **C/O V. Asuncion** at SQSP. The Clerk shall also mail a copy of this Order to Plaintiff and Deputy Attorney General Jose Alfonso Zelidon-Zepeda.

2. **Defendant C/O McGhee** and **Defendant C/O V. Asuncion** are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, they will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

 a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

1 | F.3d 1108, 1119-20 (9th Cir. 2003).

2           b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

         4.     All other deadlines shall remain in effect in accordance with the Court's order filed January 24, 2012. (Doc. No. 41.)

IT IS SO ORDERED.

DATED: 4/24/13

LUCY H. KOH
United States District Judge

Order Regarding Unserved Defendants
G:\PRO-SE\SJ.LHK\CR.11\Abbott183moreinfo2.wpd    4