IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ABBOTT, | ) No. C 11-0183 LHK (PR) |
| Plaintiff, | ) ORDER GRANTING IN PART AND |
| v. | ) DENYING IN PART DEFENDANTS' |
| | ) MOTIONS TO DISMISS; |
| DOCTOR E. TOOTELL, et al., | ) DIRECTING PLAINTIFF TO FILE |
| | ) SECOND AMENDED COMPLAINT |
| Defendants. | ) |
| | ) (Docket Nos. 103, 122) |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at San Quentin State Prison. Defendants Guithrie, Thompson, Zeiler, Van Mastrigt, Cullen, and Orozco have filed a motion to dismiss for failure to state a claim. Defendants Dacanay, McGehee, Asuncion, and Wong have also filed a motion to dismiss for failure to state a claim. Plaintiff has filed a consolidated opposition, and defendants have filed a consolidated reply. For the reasons stated below, defendants' motions to dismiss for failure to state a claim are GRANTED in part and DENIED in part.

**BACKGROUND**

In his amended complaint, plaintiff states that he suffers from a variety of medical issues. He claims that defendants have denied or delayed adequate medical care, despite being aware that plaintiff requires such care. Plaintiff alleges that defendants have demonstrated deliberate

indifference to his serious medical needs, and that defendant Correctional Officer Orozco used excessive force against him.

## ANALYSIS

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner

1  faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps
2  to abate it. *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).
3        Taking plaintiff's allegations as true as the court is required to do, plaintiff claims that,
4  due to his medical issues, Dr. Matan issued a medical chrono that plaintiff was to have "no leg
5  irons/shackles on right Achilles" and a chrono stating that plaintiff could not put his hands
6  behind his back and should be cuffed with waist restraints rather than handcuffs.  (Am. Compl. at
7  11.)  Dr. Matan also issued a chrono for "no kneeling on plaintiff's knees" and a chrono for
8  using an ankle wrap on plaintiff's right Achilles.  (*Id.*)
9  I.      <u>Defendant Sergeant Guithrie</u>
10       In his amended complaint, plaintiff alleges that, in September 2009, Sergeant Guithrie
11 replaced Sergeant Seman as supervisor in the Adjustment Center.  (Am. Compl. at 17.)  Sergeant
12 Guithrie ordered the correctional officers not to honor any of plaintiff's chronos.  (*Id.* at 18.)
13 Assuming these facts to be true, liberally construed, plaintiff's claim against Sergeant Guthrie is
14 sufficient to state a claim.  *See, e.g.*, *Wakefield v. Thompson*, 177 F.3d 1160, 1165 & n.6 (9th Cir.
15 1999) ("we have held that a prison official acts with deliberate indifference when he ignores the
16 instructions of the prisoner's treating physician or surgeon").  Accordingly, defendants' motion
17 to dismiss the claim against Sergeant Guithrie is DENIED.
18 II.     <u>Defendant Correctional Officer Van Mastrigt</u>
19       On September 21, 2009, Correctional Officer Van Mastrigt tried to restrain plaintiff with
20 a pair of modified cuffs even though plaintiff had a chrono for double cuffs.  (Am. Compl. at 18.)
21 When Correctional Officer Herrea tried to show Correctional Officer Van Mastrigt how to use
22 two mechanical restrains, Correctional Officer Van Mastrigt responded that he would cuff
23 plaintiff however he saw fit.  (*Id.*)  Correctional Officer Van Mastrigt also stated that he thought
24 plaintiff was faking his injury, and then said that Sergeant Guthrie told him not to honor
25 plaintiff's medical chronos.  (*Id.*)  Liberally construed, it can be inferred that Correctional
26 Officer Van Mastrigt knew that plaintiff's medical chronos prohibited regular and modified
27 cuffs, yet Correctional Officer Van Mastrigt intentionally and specifically disregarded the order.
28

Order Granting in Part and Denying in Part Defendants' Motions to Dismiss; Directing Plaintiff to File Second
Amended Complaint
P:\PRO-SE\LHK\CR.11\Abbott183mtd3.wpd     3

As alleged, Correctional Officer Van Mastrigt's actions amounted to more than mere negligence or poor judgment. *See, e.g.*, *Martinez v. Mancusi*, 443 F.2d 921, 924 (2nd Cir. 1971) (prisoner's allegation that guards forced prisoner to walk after leg surgery in direct violation of surgeon's orders was sufficient to state a cause of action under Section 1983). Accordingly, defendants' motion to dismiss the claim against Correctional Officer Van Mastrigt is DENIED.

III.     <u>Defendants Correctional Officers Orozco, Zeiler, and McGehee, and Sergeant Thompson</u>

Plaintiff alleges that, on June 5, 2009, that Correctional Officer Orozco denied plaintiff his morning shower because plaintiff asked to be cuffed in waist restraints. (*Id.* at 12.) Correctional Officer Orozco initially denied plaintiff's request, but eventually complied. (*Id.*) After plaintiff had filed an administrative grievance against Correctional Officer Orozco regarding the denial of a shower, Correctional Officer Orozco kept antagonizing plaintiff. (*Id.* at 14.) On June 22, 2009, plaintiff alleges that Correctional Officer Orozco assaulted plaintiff. (*Id.*)

On October 24, 2009, Correctional Officer Orozco placed plaintiff in restraints with his hands behind his back, despite plaintiff's medical chrono prohibiting such restraints, and when Correctional Officer Orozco went to remove them, he yanked plaintiff's arms out and backwards, causing something to pop in plaintiff's shoulder. (*Id.* at 15.) Plaintiff went man-down. (*Id.* at 16.) Correctional Officer Zeiler arrived and escorted plaintiff to a holding cell. (*Id.*) When plaintiff said that something was wrong with his shoulder, Correctional Officer Zeiler said that someone would come to see plaintiff "in a minute." (*Id.*) Sergeant Thompson then came out, accompanied by eight to ten officers, and told plaintiff he would not be receiving any medical treatment and would return instead to his cell. (*Id.*) When plaintiff asked why he would not be receiving medical treatment, Correctional Officer McGehee threatened plaintiff with pepper spray and reiterated that he would not be receiving medical treatment that day. (*Id.* at 15-16.) Plaintiff did not receive treatment for his shoulder for six to eight weeks. (*Id.* at 17.) As a result, plaintiff's shoulder had become significantly worse. (*Id.*)

Plaintiff claimed that Correctional Officer Orozco used excessive force against him, and

1  that Correctional Officers Zeiler and McGehee, and Sergeant Thompson were deliberately
2  indifferent to his serious medical needs.[1]

3  While the extent of injury suffered by an inmate is one factor that may suggest whether
4  the use of force could possibly have been thought necessary in a particular situation, *see Hudson*
5  *v. McMillian*, 503 U.S. 1, 7 (1992), it may also provide some indication of the amount of force
6  applied, *see Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010).  The Eighth Amendment's
7  prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition
8  de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the
9  conscience of mankind.  *Hudson*, 503 U.S. at 9.  An inmate who complains of a push or shove
10 that causes no discernable injury almost certainly fails to state a valid excessive force claim.  *Id.*
11 Here, the court cannot say that plaintiff's claims of excessive force against Correctional Officer
12 Orozco, liberally construed, amount to mere allegations that Correctional Officer Orozco used de
13 minimis force.  Accordingly, defendants' motion to dismiss the excessive force claim against
14 Correctional Officer Orozco is DENIED.

15 Plaintiff's claim that Correctional Officer Zeiler brought plaintiff to a holding cell and
16 then informed plaintiff that someone would come see plaintiff "in a minute," is insufficient to
17 state a claim that Correctional Officer Zeiler was deliberately indifferent to plaintiff's serious
18 medical needs.  Plaintiff does not allege that Correctional Officer Zeiler purposefully acted or
19 failed to act in response to plaintiff's statement that there was something wrong with plaintiff's
20 shoulder.  *See McGuckin*, 974 F.2d at 1060.  Even assuming that plaintiff alleged that he had a
21 serious medical need, plaintiff does not allege sufficient facts to show that Correctional Officer
22 Zeiler knew that plaintiff faced a substantial risk of serious harm, or that Correctional Officer
23 Zeiler disregarded that risk by failing to take reasonable steps to abate it.  *See Farmer*, 511 U.S.

---

[1] To the extent defendants' motion argues that plaintiff has failed to state a deliberate indifference claim against Correctional Officer Orozco, the motion is GRANTED.  A review of plaintiff's amended complaint shows that plaintiff does not allege that Correctional Officer Orozco was deliberately indifferent to his medical needs – only that Correctional Officer Orozco violated plaintiff's right to be free from cruel and unusual punishment, i.e., used excessive force.

at 837; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must "state a claim for relief that is plausible on its face."). Accordingly, defendants' motion to dismiss the claim against Correctional Officer Zeiler is GRANTED.

Plaintiff's claims that Sergeant Thompson and Correctional Officer McGehee refused to allow plaintiff to seek medical help on October 24, 2009, liberally construed, is sufficient to state a claim for relief. In contrast to plaintiff's allegation against Correctional Officer Zeiler, plaintiff implies that Correctional Officers Thompson and McGehee knew that plaintiff needed medical attention for his shoulder yet refused to allow him to receive it. It can be inferred that Correctional Officers Thompson and McGehee acted callously in response to plaintiff's plea for medical attention. "Much like recklessness in criminal law, deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003). Accordingly, defendants' motion to dismiss the claim against Sergeant Thompson and Correctional Officer McGehee is DENIED.

IV.     Defendant Correctional Officer Asuncion

Plaintiff alleges that, on November 9, 2009, Correctional Officer Asuncion denied plaintiff access to physical therapy. (*Id.* at 19.) Plaintiff further states that, on November 13, 2009, Correctional Officer Asuncion denied plaintiff access to a doctor based on Sergeant Guithrie's orders. (*Id.*) However, these allegations, without more, do not amount to a claim of deliberate indifference to a serious medical need. Plaintiff does not allege what, if any, particular serious medical need he had at that time, nor whether Correctional Officer Asuncion knew about that need and purposely disregarded it. *See McGuckin*, 974 F.2d at 1059. Accordingly, defendants' motion to dismiss the claim against Correctional Officer Asuncion is GRANTED.

V.      Defendants Dacanay, Cullen, and Wong

Plaintiff alleges that Wardens Cullen and Wong and Associate Warden Dacanay were liable as supervisors, and they failed to properly train or supervise their subordinates. "In a §

1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. A supervisor may be liable under section 1983 upon a showing of:  (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

As the court already noted, "a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 553-56.  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

Here, plaintiff's allegations against Wardens Cullen and Wong, and Associate Warden Dacanay do nothing more than provide formulaic assertions with no identifiable facts.  (Am. Compl. at 7, 27.)  Although plaintiff attempts to add additional allegations against these defendants in his opposition, the court cannot look beyond the contents of the complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that, in general, for Rule 12(b)(6) motions, courts "must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint").

Thus, defendants' motion to dismiss the claim against Wardens Cullen and Wong, and Associate Warden Dacanay is GRANTED.

VI.     Amendment

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires.  *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).  "In the absence of any apparent or declared reason –

such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (citations omitted). Accordingly, plaintiff's claims against Correctional Officer Zeiler, Correctional Officer Asuncion, Wardens Cullen and Wong, and Associate Warden Dacanay are DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with **thirty days** in which to file a second amended complaint to allege sufficient facts to state a claim against these defendants if he can do so in good faith.

Plaintiff is advised that an amended complaint supersedes the previous complaint. Thus, claims not included in an amended complaint would no longer be claims, and defendants not named in an amended complaint would no longer be defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Defendants' motions to dismiss are GRANTED in part and DENIED in part. Defendants' motion to dismiss is GRANTED as to Correctional Officer Zeiler, Correctional Officer Asuncion, Wardens Cullen and Wong, and Associate Warden Dacanay. Defendants' motion to dismiss is DENIED as to the remaining defendants.

2. If plaintiff can cure the pleading deficiencies described above, he shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed. The second amended complaint must include the caption and civil case number used in this order (C 11-0183 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. The second amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files a second amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable

1  federal statutes.  **Failure to file a second amended complaint within thirty days and in**
2  **accordance with this order will result in dismissal of the claims against Correctional**
3  **Officer Zeiler, Correctional Officer Asuncion, Wardens Cullen and Wong, and Associate**
4  **Warden Dacanay with prejudice.**

5        3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
6  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
7  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
8  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
9  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

10       4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
11 court informed of any change of address by filing a separate paper with the Clerk headed "Notice
12 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
13 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
14 of Civil Procedure 41(b).

15       This order terminates docket numbers 103 and 122.

16       IT IS SO ORDERED.

17 DATED: 2/24/14

                                        LUCY H. KOH
18                                         United States District Judge

Order of Dismissal with Leave to Amend; Order Granting in Part and Denying in Part Defendants' Motions to Dismiss; Directing Plaintiff to File Second Amended Complaint
P:\PRO-SE\LHK\CR.11\Abbott183mtd3.wpd           9