1

2

3

4



**FILED**

5

*MAY 26 2016*

6

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE
SUSAN Y. SOONG

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

13

14

15

16

17

JOE ABBOTT,

Plaintiff,

v.

DOCTOR E. TOOTELL, et al.,

Defendants.

Case No. 11-cv-0183-LHK (PR)

**ORDER RE-OPENING CASE;
DIRECTING DEFENDANTS TO FILE
COMPREHENSIVE MOTION FOR
SUMMARY JUDGMENT, OR NOTICE
REGARDING SUCH MOTION**

18     Plaintiff, a state prisoner proceeding pro se, filed a second amended civil rights complaint

19   pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement at San Quentin State

20   Prison. On February 25, 2014, this court granted in part and denied in part defendants' motion to

21   dismiss, and directed plaintiff to file a second amended complaint. On that same day, this court

22   granted in part and denied in part defendants' motion for summary judgment. Defendants Dr.

23   Grant and Dr. Tootell filed an interlocutory appeal to the Ninth Circuit, challenging this court's

24   determination that Dr. Grant and Dr. Tootell were not entitled to qualified immunity. The court

25   stayed this case pending the Ninth Circuit's decision. On January 27, 2016, the Ninth Circuit

26   affirmed, and issued its mandate on February 22, 2016.

27                                          1

28   Case No. 11-cv-0183-LHK (PR)
ORDER RE-OPENING CASE; DIRECTING DEFENDANTS TO FILE COMPREHENSIVE MOTION FOR
SUMMARY JUDGMENT, OR NOTICE REGARDING SUCH MOTION

1    The court hereby re-opens this case, and screens plaintiff's second amended complaint.

2    For the reasons stated below, the court orders defendants Correctional Officer Orozco, Sergeant

3    Guithrie, Correctional Officer Van Mastrigt, Sergeant Thompson, Correctional Officer McGehee,

4    Correctional Officer Asuncion, Warden Cullen, Warden Wong, and Associate Warden Dacanay to

5    file a comprehensive motion for summary judgment, or notice regarding such motion.

6                                    **DISCUSSION**

7    A.    Standard of Review

8         A federal court must conduct a preliminary screening in any case in which a prisoner seeks

9    redress from a governmental entity or officer or employee of a governmental entity. See 28

10   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

11   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

12   monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

13   (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police*

14   *Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

15        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

16   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

17   alleged violation was committed by a person acting under the color of state law. *See West v.*

18   *Atkins*, 487 U.S. 42, 48 (1988).

     B.    Plaintiff's Claims

19        Plaintiff's second amended complaint alleges that defendants Sergeant Guithrie,

20   Correctional Officer Van Mastrigt, Sergeant Thompson, Correctional Officer McGehee,

21   Correctional Officer Asuncion, Warden Cullen, Warden Wong, and Associate Warden Dacanay

22   were deliberately indifferent to his serious medical needs, and that defendant Correctional Officer

23   Orozco used excessive force against plaintiff on several occasions. Liberally construed, these

24   allegations are sufficient to state cognizable federal civil rights claims.

25   C.    Remaining Defendants

26        The parties are reminded that the court previously dismissed Dr. Matan with prejudice.

27                                          2

United States District Court
Northern District of California

1  (Dkt. No. 41.) The court previously granted summary judgment to defendants Dr. Jones, Lt.

2  Arnold, and Sgt. Seman. (Dkt. No. 157.) Plaintiff has voluntarily dismissed defendant

3  Correctional Officer Zeiler. (Dkt. No. 159.)

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.    The clerk shall RE-OPEN this case. The clerk shall also mail a courtesy copy of the second amended complaint and a copy of this order to defense counsel Deputy Attorney General Martine Noel D'Agostino. Additionally, the clerk shall mail a copy of this order to plaintiff.

2.    No later than sixty (60) days from the filing date of this order, defendants Correctional Officer Orozco, Sergeant Guithrie, Correctional Officer Van Mastrigt, Sergeant Thompson, Correctional Officer McGehee, Correctional Officer Asuncion, Warden Cullen, Warden Wong, and Associate Warden Dacanay shall file a comprehensive motion for summary judgment with respect to the cognizable claims in the complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.

3.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than twenty-eight (28) days from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

4.    Defendants shall file a reply brief no later than fourteen (14) days after plaintiff's opposition is filed.

5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3

Case No. 11-cv-0183-LHK (PR)
ORDER RE-OPENING CASE; DIRECTING DEFENDANTS TO FILE COMPREHENSIVE MOTION FOR
SUMMARY JUDGMENT, OR NOTICE REGARDING SUCH MOTION

United States District Court
Northern District of California

1    6.    All communications by the plaintiff with the court must be served on defendants'

2    counsel, by mailing a true copy of the document to defendants' counsel.

3    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

4    No further court order is required before the parties may conduct discovery.

5    8.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

6    and all parties informed of any change of address and must comply with the court's orders in a

7    timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

8    pursuant to Federal Rule of Civil Procedure 41(b).

9    **IT IS SO ORDERED.**

10   Dated: 5/25/2016

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

27                                                4